Brian T. Rafferty, Esq.
Ga. Bar #311903
Admitted Pro Hac Vice
Rafferty Law, LLC
1575 Johnson Road NE
Atlanta, GA  30306
912.658.0912
brian@raffertylawfirm.com
Attorney for Defendant Jeffrey King

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY KING, ET AL.,<br><br>Defendants. | Case No.: 2:24-CR-01040-ROS-2<br><br>**DEFENDANT JEFFREY KING'S OBJECTION AND CLARIFICATIONS TO THE DRAFT PRESENTENCE INVESTIGATION REPORT** |

Defendant Jeffrey King respectfully submits the following Objections and Clarifications to the Draft Presentence Investigation Report ("PSR"). On January 31, 2025, Mr. King plead guilty to Count 1 of the Indictment filed against him, charging him with Conspiracy to Commit Health Care Fraud and Wire Fraud in violation of Title 18, United States Code, Section 1349.  His sentencing hearing is scheduled for August 19, 2025 at 10:00 a.m.

## I. Relevant Procedural History

On January 31, 2025, Defendant Jeffrey King entered a guilty plea to Count 1 of the Superseding Indictment.  At the conclusion of the Rule 11

hearing, the Court scheduled the sentencing hearing for Mr. King for April 15, 2025. (ECF No. 138). Based on a joint request from the parties, Mr. King's sentencing was continued until August 19, 2025, at 10:00 a.m. (ECF No. 143).

**II. Objections**

1. On page 3, under the subheading "Identifying Data", Mr. King notes he has a total of five (5) associate degrees.

2. In Paragraph 7, on page 6, Mr. King notes that he did not personally keep $90 million in illegal kickbacks and his personal profits from the scheme were approximately $20 million.

3. In paragraph 24, on page 9, Mr. King notes that the nurse practitioners were paid a flat rate of $500 or $1000 per patient encounter, and not $500 or $100 per patient encounter as alleged in the PSR.

4. In paragraph 28, on page 10, the plea agreement was redacted to remove King's name from the sentence that begins as follows "Gehrke, King, and others concealed and disguised these illegal kickbacks by,…" so that the actual language now read "Gehrke and others concealed and disguised these illegal kickbacks by,…" Mr. King therefore objects to his name being included in this sentence of the PSR and submits that the sentence should reflect the redacted version of the plea agreement tendered to the Court.

5. In paragraph 45, Mr. King objects to the inclusion of language about

him concealing and disguising the illegal kickbacks he received by causing sham invoices to be issued to Medicare which did not reflect the actual cost of the allografts, as that allegation was, as noted herein in these Objections at Paragraph 4, redacted from the plea agreement submitted to the Court.  Mr. King also notes that regarding the financial transactions set forth in this paragraph, Mr. King's bank accounts were closed at various points by financial institutions, thus requiring him to transfer some funds to new financial institutions.  Last, for all of the reasons set forth in the various pleadings and hearings conducted in connection with Mr. King's Motion to Revoke his Pretrial Detention Order, Mr. King submits he did not knowingly and intentionally make material lies, omissions and representations regarding his finances, assets, and foreign travel to pretrial services.

    6.  In paragraph 51, Mr. King objects to the inclusion of an adjustment for Obstruction of Justice.  For all of the reasons set forth in the various pleadings and hearings conducted in connection with Mr. King's Motion to Revoke his Pretrial Detention Order, Mr. King submits he did not knowingly and intentionally make material lies, omissions and representations regarding his finances, assets, and foreign travel to pretrial services.

7.  In paragraph 57, Mr. King objects to the language that Mr. King "concealed and disguised the illegal kickbacks by causing sham invoices to be issued to Medicare," as that allegation was, as noted herein in these Objections at Paragraph 4, redacted from the plea agreement submitted to the Court.

8.  In paragraph 58, Mr. King notes that he was an executive for APX Mobile Medical, and not Apex Mobile Medical as alleged in this paragraph.

9.  In paragraph 59, Mr. King objects to the inclusion of an adjustment for Obstruction of Justice.  For all of the reasons set forth in the various pleadings and hearings conducted in connection with Mr. King's Motion to Revoke his Pretrial Detention Order, Mr. King submits he did not knowingly and intentionally make material lies, omissions and representations regarding his finances, assets, and foreign travel to pretrial services.

10.  In paragraph 60, if the Court sustains Mr. King sustains Mr. King's objection to paragraph 59, Mr. King submits his Adjusted Offense Level should be 48.

11.  In paragraph 73, Mr. King is mistakenly identified as James Amos King, when in fact his name is Jeffrey Amos King.

12. In paragraph 74, Mr. King's mother had a relationship with Kenneth Reeves, and not Kent Reeves as alleged in the PSR.

13. In paragraph 76, Mr. King's stepfather is identified as "Lenhard" when in fact the correct spelling of his name is "Lenhart."

14. In paragraph 81, Mr. King notes that his ex-wife divorced him, and that he did not file for divorce from her as suggested in this paragraph of the PSR.

15. On page 28, Mr. King objects to the inclusion of the allegation that Mr. King has a total of $15,968,516 in assets not included in Exhibit 1 of the plea agreement. Mr. King notes that most of the assets listed on pages 28 and 29 were included in Exhibit 1 of the plea agreement, as Mr. King cooperated with the government in seizing assets and explained to the government how many of these items were already seized by the government. This includes, for example, the Captive Insurance assets listed on page 29. Mr. King also provided information to the government about the Movie Investment on page 29, and the government interviewed individuals associated with that investment to confirm that Mr. King's investment in this project was already spent. Last, Mr. King notes that he sold the 2016 BMW 528i and 2005 Yamaha R1 some time ago. In sum, Mr. King objects to this section of the PSR because it inaccurately claims that

Mr. King continues to possess $15,968,516 in assets even after the government seized various assets from Mr. King as set forth in Exhibit 1 of the plea agreement.

16.  Mr. King notes that because he has been in custody since the time of his arrest in June 2024, Mr. King's listed liabilities, income and monthly expenses are largely inaccurate.

17.  Regarding paragraphs 119 through 122, in light of Mr. King's financial condition, and the very large forfeiture and restitution judgments that will be imposed at sentencing, Mr. King submits he does not have the ability to pay any fine in this case.

18.  Regarding the Justification for sentence, on page 35, Mr. King objects to that portion of the justification that claims Mr. King concealed and disguised illegal kickbacks, because that allegation was, as noted herein in these Objections at Paragraph 4, redacted from the plea agreement submitted to the Court.

Dated this 15th of July, 2025.

Respectfully submitted,

*/s Brian T. Rafferty,* Esq.
Brian T. Rafferty, Esq.